**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARNETT LONG-PARHAM,      )
                                      )     Civil Action No. 19 – 49
            Petitioner,     )
                                        )
            v.               )     Magistrate Judge Lisa Pupo Lenihan
                                        )
PENNSYLVANIA BOARD OF     )
PROBATION AND PAROLE,      )
                                        )
           Respondent.     )

**<u>MEMORANDUM OPINION</u>**[1]

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition")

filed by Petitioner Garnett Long-Parham ("Petitioner") pursuant to 28 U.S.C. § 2241.  (ECF No.

4.)  The Petition is in regards to a detainer that was lodged against him by Respondent

Pennsylvania Board of Probation and Parole ("Respondent" or "the Board") on August 24, 2017,

and Petitioner seeks an order from this Court directing Respondent to either conduct a revocation

hearing on his alleged parole violation for which it issued the detainer or direct Respondent to

dismiss the detainer.  For the following reasons, the Petition will be dismissed as moot.

**A.  <u>Relevant Background</u>**

Petitioner was convicted in the Court of Common Pleas of Westmoreland County for a

felony drug offense and was sentenced to one-and-a-half to three years of incarceration in a State

Correctional Institution with a minimum sentence date of June 30, 2011, and a maximum date of

December 30, 2012.  (Resp't Exh. A, ECF No. 11-2, pp.2-4.)  Petitioner was released on parole

on December 28, 2010.  (Resp't Exh. B, ECF No. 11-2, pp.6-8.)  He then violated his parole on

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  ECF Nos. 10 & 12.

September 10, 2012,[2] and, by the Board's decision recorded on January 30, 2013, he was

recommitted as a technical parole violator with a new maximum date of March 24, 2013.

(Resp't Exh. C, ECF No. 11-2, p.10; Resp't Exh. D, ECF No. 11-2, pp.12-14.)

On March 19, 2013, the Allegheny County Police filed a criminal complaint against

Petitioner for criminal activity found to have occurred on December 3, 2012, when Petitioner

was still on parole and under an active arrest warrant for parole violations, and the complaint

included charges for persons not to possess firearms, possession with intent to deliver a

controlled substance, and possession of a controlled substance.  (Resp't Exh. E, ECF No. 11-2,

pp.16-22.)  On March 24, 2013, after reaching his maximum sentence date on his original

Westmoreland County sentence, Petitioner was released from the custody of the Pennsylvania

Department of Corrections and transferred to the Allegheny County Jail to face the charges in

Allegheny County.[3]  (Resp't Exh. F, ECF No. 11-2, p.24.)  On April 18, 2013, the Board issued

an administrative decision declaring Petitioner delinquent for control purposes.  (Resp't Exh. G,

ECF No. 11-2, p.26.)

On August 28, 2013, the Allegheny County Police filed another criminal complaint

against Petitioner for criminal activity also found to have occurred when Petitioner was on parole

from January 1, 2012 to December 31, 2012, which included charges of criminal conspiracy and

corrupt organizations.  (Resp't Exh. I, ECF No. 11-2, pp.33-38.)  On December 2, 2013,

Petitioner was charged in a Criminal Information with criminal conspiracy and corrupt

---

[2] Petitioner was instructed to report to his parole office on September 10, 2012.  He did so, but then absconded.  He was instructed to return to the office immediately or a warrant would be issued for his arrest.  He failed to do so, and his whereabouts remained unknown until his arrest on December 3, 2012.  *See* Long-Parham v. Pennsylvania Board of Probation and Parole, 2020 WL 7419008, at *1 fn4 (Pa. Comm. Ct. Dec. 18, 2020).

[3] It is unclear whether Petitioner was released on March 24, 2013, or March 18, 2013, as the record reveals that he was confined in the Allegheny County Jail from March 18, 2013 to November 28, 2013, at which time he posted bail.  *See* (Resp't Exh. K, ECF No. 11-2, p.45.)

organizations.  (Resp't Exh. J, ECF No. 11-2, pp.40-42.)  On January 20, 2015, Petitioner was

convicted in the Court of Common Pleas of Allegheny County for "Corrupt Organizations –

Employee," a felony of the first degree, and was sentenced to nine to eighteen months in the

Allegheny County Jail, time served, followed by four years of probation.  (Resp't Exh. K, ECF

No. 11-2, pp.44-46.)

      Also on January 20, 2015, Petitioner was arrested and charged with carrying a firearm

without a license and persons not to possess, use, manufacture, control or transfer firearms.

(Resp't Exh. L, ECF No. 11-2, pp.48-51.)  As a result, he was indicated on the federal charge of

Possession of a Firearm and/or Ammunition by a Convicted Felon.  (Resp't Exh. M, ECF No.

11-2, pp.53-55.)  On October 25, 2016, he pled guilty to the charge and was sentenced to 65

months of incarceration in a federal prison.  (Resp't Exh. N, ECF No. 11-2, pp.57-62.)

      On August 24, 2017, the Board relodged its warrant against Petitioner with the Federal

Bureau of Prisons for his arrest and detention for parole violations on his original Westmoreland

County sentence.  (Resp't Exh. O, ECF No. 11-2, p.64.)  On August 30, 2019, which was after

Petitioner filed the Petition in this case, Petitioner was released from the custody of the Federal

Bureau of Prisons.[4]  By the Board's decision recorded on September 5, 2019, Petitioner was

recommitted to serve twelve months' backtime as a convicted parole violator after admitting to

the criminal activity that occurred while he was delinquent on parole during the same time period

associated with the technical parole violation and it did not award him credit for his street time

because he "absconded while on supervision."  *See* Long-Parham, 2020 WL 7419008, at \*2.  On

or about November 6, 2019, Petitioner filed an Administrative Remedies Form alleging that the

Board failed to award him credit for his street time that it had awarded him previously when he

---

[4] *See* https://www.bop.gov/inmateloc/ (last visited March 25, 2020).

was a technical parole violator and claiming that the Board owed him credit for time served from December 3, 2012 to March 24, 2013. Id. In a response mailed on January 27, 2020, the Board denied Petitioner's request to the extent he contended the Board did not have the authority to forfeit his time at liberty as a convicted parole violator when it did not forfeit such time during its previous decision relative to his technical parole violation. Id. However, the Board granted Petitioner's request to the extent he sought credit for periods of incarceration, including the December 2012 to March 2013 period. Id. As a result, it issued an order correcting his maximum sentence date to March 15, 2021. Id.

Petitioner initiated the instant habeas proceedings on or about January 16, 2019. (ECF No. 1.) His Petition was docketed on February 7, 2019. (ECF No. 4.) Respondent filed their Response to the Petition on March 27, 2019. (ECF No. 11.) Petitioner filed a Response thereto on April 10, 2019.[5] (ECF No. 13.)

**B. Discussion**

In his Petition, Petitioner claims that Respondent has violated his due process rights by lodging the detainer against him while in federal custody but refusing to hold a revocation hearing on his alleged parole violation until after he has finished serving his federal sentence.

Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. Art. III, § 2; *see* Chong v. District Dir., I.N.S., 264 F.3d 378, 383 (3d Cir. 2001) ("[T]he exercise of judicial power depends upon the existence of a case or controversy."). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal

---

[5] The Court notes that, according to the Federal Bureau of Prisons' Inmate Locator, Petitioner was released from the custody of the Federal Bureau of Prisons on August 30, 2019. However, Petitioner neglected to update his address with this Court.

stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). *See also* Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. County of Morris v. Nationalist Mvmt., 273 F.3d 527, 533 (3d Cir. 2001); *see also* In re Material Witness Warrant Nichols, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Petitioner is asking this Court to direct Respondent to either provide him with a revocation hearing for his alleged parole violation for which the Respondent issued a detainer against him on August 24, 2017, or to direct Respondent to dismiss the detainer. The Court, however, takes judicial notice of the fact that, after the Petition and Response thereto were filed in this case, Petitioner received the requested parole revocation hearing. *See* Fed.R.Evid. 201(b); *see also* Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) ("A judicially noticed fact must

5

Case 2:19-cv-00049-LPL   Document 14   Filed 03/25/21   Page 6 of 8

either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") As Petitioner has been provided with all the relief that this Court could have ordered if it had granted his Petition, the Petition has been rendered moot. *See*, *e.g.*, Wilson v. Reilly, 163 F. App'x 122, 125 (3d Cir. 2006) (When the Parole Board provided the petitioner with the relief sought in his § 2241 petition, this rendered his habeas claim moot). The Petition will therefore be dismissed accordingly. A separate Order will issue.

Dated: March 25, 2021.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Garnett Long-Parham
35611-068
Hazelton
U.S. Penitentiary
P.O. Box 5000
Bruceton Mills, WV  26525

Counsel of record
(Via CM/ECF electronic mail)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARNETT LONG-PARHAM,    )
                              )    Civil Action No. 19 – 49
         Petitioner,    )
                              )
         v.           )    Magistrate Judge Lisa Pupo Lenihan
                              )
PENNSYLVANIA BOARD OF    )
PROBATION AND PAROLE,    )
                              )
        Respondent.    )

**ORDER**

**AND NOW**, this 25th day of March 2021;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, the Petition for Writ of Habeas Corpus (ECF No. 4) is **DISMISSED as moot**.

**IT IS FURTHER ORDERED** that, to the extent one is required, a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Garnett Long-Parham
      35611-068
      Hazelton
      U.S. Penitentiary

7

P.O. Box 5000
Bruceton Mills, WV  26525

Counsel of record
(Via CM/ECF electronic mail)